

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

FEB 24 1997

NANCY DOHERTY, CLERK
By_____
   Deputy

PRINCE JOHNSON, *et. al.*,        §
                                  §
        Plaintiffs,               §
                                  §
v.                                §        CIVIL ACTION NO.
                                  §        3:94-CV-991-X
CITY OF DALLAS, *et. al.*,        §
                                  §
        Defendants.               §

ENTERED ON DOCKET
PURSUANT
TO F.R.C.F. RULES
58 AND 79A

## MEMORANDUM OPINION AND ORDER

Now before the Court are the Defendants' Motion for Summary Judgment filed on July

11, 1996, and the responses of plaintiff and amici.  Having considered these filed materials, the

arguments of counsel and the applicable law,  the Court concludes that the motion should be, and

is hereby, **DENIED**.

### Factual Background

This case concerns the constitutionality of various city ordinances enacted, enforced or

both, allegedly to remove homeless persons from public view in the city of Dallas and a state

statute allegedly enforced for that purpose.  Plaintiffs are homeless, and represent a class of

homeless persons located within the municipal city limits of Dallas.  Defendants include the City

of Dallas, the Dallas Police Department and members of the Dallas City Council.  In the

injunction hearings on this matter, Plaintiffs previously  attacked, among other things, a city

ordinance that would prohibit sleeping in public as well as the proposed eviction under the state

criminal trespass statute of a homeless encampment under certain interstate highway bridges on



1

the east side of Dallas' central business district.

After a hearing, the Court entered an injunction forbidding the City from enforcing the sleeping in public ordinance since the ordinance as applied violated the constitutional rights of the plaintiffs in this action. The Court held in the same memorandum opinion and order[1] enjoining these actions that the remaining ordinances at issue did not violate the plaintiffs' constitutional rights.

The defendants appealed the Court's preliminary injunction to the Fifth Circuit Court of Appeals. The Fifth Circuit's opinion, dated August 23, 1995, reversed this Court's preliminary injunction and remanded the case with instructions to dismiss the Eighth Amendment claims for lack of standing.[2]  The appeals court held that the plaintiffs had not demonstrated that any plaintiff had been convicted under the sleeping in public ordinance; consequently, the plaintiffs lacked standing to challenge that ordinance on Eighth Amendment grounds.

In reliance upon the Fifth Circuit's opinion, the Defendants now move for summary judgment on all of plaintiffs' claims on the basis that the class has no standing to pursue any claims against the City of Dallas or any of the defendants because they cannot show that they have been convicted under the constitutionally impermissible ordinance.

The Court has reviewed the exhibits admitted during the preliminary injunction hearing and the exhibits submitted by the plaintiffs and amici. During that review, the Court located and referred to a printout produced by the City of Dallas which reveals that one of the  named

---

[1] See *Johnson v. City of Dallas*, 860 F. Supp. 344 (N. D. Tex. 1994).

[2] See *Johnson v. City of Dallas*, 61 F.3d 442 (5th Cir. 1995).

plaintiffs, Erma Adams, and over seventy[3] other presumably homeless persons who listed "homeless" for their home address were cited for sleeping in public, given a final disposition date and given sentences or status codes of time served from April 1, 1992 to April 30, 1994. The Court is at a loss to explain how an individual may be forced to endure a time-served disposition unless that same individual was convicted of a violation of the ordinance in the first place.

In light of the very clear statement by the appeals panel that it had thoroughly reviewed the record and found no indication of convictions of any member of the class, the Court is forced to assume that this printout was either inadvertently omitted from the record on appeal or some clerical error resulted in the panel overlooking the exhibit.

Based upon the exhibit which clearly shows that members of the class were indeed convicted under the sleeping in public ordinance, this Court must deny the summary judgment motion as genuine issues of material fact remain to be resolved in this action.

**SO ORDERED**

Dated: ___February 24___, 1997.

_____
JOE KENDALL
UNITED STATES DISTRICT JUDGE

---

[3] The Court examined the exhibit and counted persons whose status or home address was listed as homeless. The Court counted at least seventy persons with a final disposition and a status code of FS, which stands for time served, before it reached page eleven of a sixty-four page document.

3