

ORIGINAL
JUL 2 3 1997

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
JUL 2 2 1997
NANCY DOHERTY, CLERK
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:94-CV-991-X |
| CITY OF DALLAS, *et. al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Now before the Court is the Motion for Reconsideration of the Court's Order Denying Summary Judgment and Brief filed on March 12, 1997. For the reasons stated below, the Motion for Reconsideration is **DENIED in PART** and **GRANTED in PART**. The Dallas Police Department is **DISMISSED** as a defendant in this matter.

"Motions for reconsideration serve a limited function[:] to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Company v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Defendant's Motion for Reconsideration and Brief does not set forth any facts or legal arguments which were unavailable in the motion for summary judgment which was previously denied by this Court. The Court does not find that there are any manifest errors of law or fact which need to be corrected by a motion for reconsideration. There are still genuine issues of material fact which must be addressed by a fact-finder.

As to the Defendants' belief that the order needs to be clarified with regard to the ordinances which the Court has found to be constitutional, the Court does not believe that the order needs clarification. The Court's opinion with regard to the constitutionality of those

ordinances has not changed. The order denying the summary judgment motion does not allow the plaintiffs to litigate or to challenge those ordinances again. Although the Court realizes that every order is interlocutory until a final judgment is entered, the constitutionality of those ordinances has already been thoroughly addressed. The order on the summary judgment does not invite reexamination of the issue.

As to the City's argument that the Fifth Circuit's opinion mandates dismissal of all claims in this case, the Court is not persuaded by the argument. The Fifth Circuit's opinion addressed a preliminary injunction and standing with regard to that preliminary injunction. The fact that the evidence clearly showing that members of the class had been convicted under the offending ordinance was either not presented to the Fifth Circuit or not pointed out in argument by the plaintiffs in their attempt to continue in effect this Court's injunction is of no moment to the continued trial of this matter on the merits.

### *Dismissal of Dallas Police Department*

Whether an entity is a jural entity — i.e., whether it has the capacity to sue or be sued — is to be determined by reference to state law. FED. R. CIV. P. 17(b). In Texas, police departments generally do not enjoy a legal existence distinct from that of the municipality and are therefore not legal entities capable of being sued. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991).

In this case, Dallas is a home-rule municipality. Texas law grants all authority to organize a police force to the city itself, *see* TEX. LOCAL GOV'T CODE § 341.003, and the Charter of the City of Dallas in turn reserved to the municipality itself the power to sue and to be sued. The touchstone under Texas law is whether the sued servient entity has been granted the capacity "to sue and to be sued." *See, e.g., Fazekas v. University of Houston*, 565 S.W.2d 299, 302 (Tex.

Civ. App.--Houston [1st Dist.] 1978, writ ref'd n.r.e.), appeal dismissed, 440 U.S. 952 (1979). The Charter nowhere grants the police department the power to sue or be sued.

For this reason, the Dallas Police Department should be, and is hereby, dismissed as a defendant herein.

**SO ORDERED**

Dated: July 21, 1997.

JOE KENDALL
UNITED STATES DISTRICT JUDGE