

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | |
|---|---|
| PRINCE JOHNSON, et al., § § Plaintiffs, § § v. § § CITY OF DALLAS, et al. § § Defendants. § | CIVIL ACTION NO. 3:94-CV-0991-X |

### ORDER

Before the Court is Plaintiffs' Motion for Partial Summary Judgment ("Motion"), filed on September 8, 1999. For the reasons stated below, the Motion is **DENIED**, and partial summary judgment is **GRANTED** for Defendants. In addition, Defendants' Motion for Leave to File Defendants' Second Motion for Summary Judgment, filed on September 1, 2000, is **GRANTED**.

In their Motion, Plaintiffs, a class of homeless individuals, seek summary judgment on various federal claims against the City of Dallas' ("City") ordinance prohibiting sleeping in certain public places, codified in Dallas City Code § 31-13. Specifically, Plaintiffs seek summary judgment declaring that § 31-13 violates the Due Process Clause of the Fourteenth Amendment, the substantive due process right to travel, the Equal Protection Clause of the Fourteenth Amendment, and the Eighth Amendment prohibition on cruel and unusual punishment.

Initially, the Court concludes that Plaintiffs have standing to assert these claims, that the Court has subject matter jurisdiction over them, and that § 31-13 constitutes a city "policy" actionable under 42 U.S.C. § 1983. While the U.S. Court of Appeals for the Fifth Circuit previously held that Plaintiffs did not have standing to pursue their Eighth Amendment claim because the record did not

indicate that any Plaintiff was convicted under § 31-13, that holding was expressly limited to the Eighth Amendment claim, and the Fifth Circuit necessarily implied that Plaintiffs had standing to pursue their non-Eighth Amendment claims. Notwithstanding the Fifth Circuit's decision, the record reveals that Plaintiffs have been arrested and prosecuted under § 31-13, and will be subject to future arrest and prosecution, thereby establishing a distinct, traceable, and addressable injury necessary for standing to challenge § 31-13 before the Court. *See Allen v. Wright*, 468 U.S. 737, 751, 104 S. Ct. 3315, 3324, 82 L. Ed. 2d 556 (1984). Moreover, § 31-13 constitutes a "policy" actionable under § 1983. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978); *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984).

However, Plaintiffs are not entitled to summary judgment on any of their federal claims because of prior court holdings. First, Plaintiffs' due process claim fails because § 31-13 criminalizes the act of sleeping in a public place, and not the "innocent" act of sleeping. As the Court previously held, sleeping in a public place is not a fundamental right, *see Johnson v. City of Dallas*, 860 F. Supp. 344, 358 (N.D. Tex. 1994) ("*Johnson I*"), *rev'd on other grounds*, 61 F.3d 442 (5th Cir. 1995) ("*Johnson II*"), and the City may regulate sleeping in public under its police power. Second, § 31-13 does not implicate the right to travel and freedom of movement. *Cf. Johnson I*, 860 F. Supp. at 354 (rejecting the implication of right to travel in upholding other aspects of the City's homeless policy). Third, the Court has already held that the homeless do not constitute a suspect or quasi-suspect class, *see id.*, and while sleeping may arguably be a fundamental right, sleeping in public, which § 31-13 regulates, is not. *Cf. id.* at 357-59. Moreover, regulating sleeping in public does serve a legitimate purpose of the City in maintaining health and safety even though such regulation may disparately impact the homeless. *See id.* Finally, Plaintiffs' Eighth Amendment claim has been rejected by the Fifth Circuit for lack of standing. *See Johnson II*, 61 F.3d at 445.

Summary judgment may be entered against the movant if no genuine issues of material fact exist and summary judgment is proper. *See Exxon Corp. v. St. Paul Fire & Marine Ins. Co.*, 129 F.3d 781, 786 (5th Cir.1997) ("[A] district court may grant summary judgment for the non-movant sua sponte.") (internal quotation marks and citation omitted); FED. R. CIV. P. 56(c). Because there is no genuine issue of material fact on the above claims, Defendants are entitled to summary judgment. Therefore, it is

**ORDERED** that Plaintiffs' Motion for Summary Judgment is **DENIED**, and partial summary judgment is **GRANTED** for Defendants. Judgment is entered for Defendants on Plaintiffs' claims raised in Counts One, Two, Four, Five, and Six of Plaintiffs' original complaint, and such claims are **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that this action shall proceed accordingly with respect to Plaintiffs' Fourth Amendment and Texas Constitution claims raised in Count Three of their original complaint. It is further

**ORDERED** that Defendants' Motion for Leave to File Defendants' Second Motion for Summary Judgment, filed on September 1, 2000, is **GRANTED**. Defendants may file a second motion for summary judgment addressing Plaintiffs' remaining claims within thirty (30) days of the date of entry of this Order.

It is **SO ORDERED**.

_____
JOE KENDALL
UNITED STATES DISTRICT JUDGE

Signed on September 8th, 2000.