IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 2 4 2001
CLERK, U.S. DISTRICT COURT
By _____ Deputy

ENTERED
APR 25 2001
U.S.D.C.

| | | |
|---|---|---|
| PRINCE JOHNSON, et. al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:94-CV-0991-X |
| CITY OF DALLAS, et. al., | § § | |
| Defendants. | § § | |

### ORDER

Before the Court is Defendants' Second Motion for Summary Judgment, filed October 6, 2000; Plaintiffs' Response, filed October 26, 2000; and Defendants' Reply, filed November 13, 2000. For the reasons stated below, this Court is of the opinion that the motion should be **GRANTED**.

### I. FACTUAL BACKGROUND

This case is a class action suit originally filed in 1994 by homeless citizens of Dallas, seeking to enjoin the enforcement of City Ordinances that collectively prohibit sleeping in public (the "Ordinances"). Plaintiffs argue that the Ordinances violate the Fourth, Fifth, Eighth and Fourteenth Amendments of the U.S. Constitution and Article 1, §§9 and 19 of the Texas Constitution. This Court granted a partial summary judgment for Defendants on September 8, 2000; Count Three, for violations of the Fourth Amendment and the Texas Constitution, remains as the only live claim.

JOHNSON, et. al. v. CITY OF DALLAS, et. al. (3:94-CV-0991-X)
M:\USER\3925LC1\CV\3\19940991\19940991 summary judgment

136

MEMORANDUM OPINION AND ORDER
Page 1 of 6

## II. ANALYSIS

### A. Standard for Summary Judgment

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, the summary judgment record demonstrates that no genuine issue of material fact exists, and therefore, the moving party is entitled to judgment as a matter of law.[1] Once the movant has met this threshold, the burden shifts to the nonmovant to establish, with significant probative evidence, that a material issue of fact exists.[2] A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3] The nonmovant may not rest upon the pleadings, conclusory allegations or unsubstantiated assertions, but must identify specific facts that establish that a genuine issue exists for trial.[4] The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts."[5] The nonmovant must "set forth specific facts showing that there is a genuine issue for trial."[6]

### B. Grounds for Summary Judgment

Defendants argue that Plaintiffs have provided no evidence that any arrests were made without probable cause, as is necessary for finding a Fourth Amendment violation. Plaintiffs respond

---

[1] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986).

[2] *See Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Tex.*, 20 F.3d 1362, 1371 (5th Cir.1994).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[4] *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994).

[5] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[6] *Liberty Lobby*, 477 U.S. at 256.

that empowering police officers to arrest people for the essential act of sleeping confers too much discretion upon them, disrupting the balance between government and individual interests. Moreover, Plaintiffs contend that the Ordinances violate the U.S. Constitution, both as applied and on its face, since they permit selective, and most likely discriminatory enforcement. Defendants reply that Plaintiffs have failed to distinguish any of the cases cited in the motion for summary judgment, and further, that Plaintiffs have not provided any facts that establish the existence of unreasonable arrests. Defendants finally argue that the cases cited in Plaintiffs' response do not apply; they arise in cases either lacking in probable cause or unrelated to the Fourth Amendment.

It is well-settled that when probable cause exists to believe that someone is violating a criminal statute, his or her arrest is reasonable.[7] Federal courts apply an objective test: if probable cause exists for the arrest, then the arresting officer's subjective intent is immaterial.[8] If probable cause is found, the only instance when the state and individual interests must be balanced arises when the search or seizure is conducted in an extraordinary manner–for example, through deadly force, entry into a home without announcement or warrant, or a physical penetration of the body.[9]

The present facts are straightforward. The City of Dallas has an ordinance that criminalizes sleeping in public, even if the defendant is a homeless person with no private place to sleep. Arrests were made and Plaintiffs filed suit. This Court, under the direction of the Fifth Circuit Court of Appeals, previously resolved Plaintiffs' other claims, leaving only their claims for unlawful search and

---

[7] *Atwater v. City of Lago Vista*, 195 F.3d. 242, 245 (5th Cir.1999), *aff'd* (U.S. Apr. 24, 2001) (No. 99-1408).

[8] *Whren v. United States*, 517 U.S. 806, 116 S.Ct. 1769 (1996).

[9] *Id.* at 818.

JOHNSON, et. al. v. CITY OF DALLAS, et. al. (3:94-CV-0991-X) MEMORANDUM OPINION AND ORDER
M:\USER\3925LC1\CV\3\19940991\19940991 summary judgment
Page 3 of 6

seizure. Though this Court found, from the documentary evidence,[10] that the Plaintiffs had standing and that the Sleeping in Public Ordinance was unconstitutional as applied to homeless persons,[11] the Fifth Circuit Court of Appeals held that the record of the District Court (which included City of Dallas Municipal Court records noted in footnote 10) did not contain evidence of the convictions of the Plaintiffs, and thus the Plaintiffs failed to establish standing to challenge the Sleeping in Public Ordinance. Being bound by that ruling, the question remaining for this Court now is a simple one. A person either is or is not in public, and is, or is not sleeping. Plaintiffs have presented no evidence showing that members of the class were arrested while either awake or in a private area. Probable cause for the arrests is factually uncontested, and given well-established federal law, it renders these arrests presumptively constitutional, given the Court of Appeals' prior ruling.

Rather than attacking the existence of probable cause, Plaintiffs raise numerous, wide-ranging arguments concerning the vagueness of the Ordinances and the seemingly unlimited discretion which they confer to the Dallas Police. A review of the cases cited by Plaintiff, however, shows that none is entirely persuasive. Unlike the present case, all of Plaintiffs' Fourth Amendment citations involve situations where probable cause did not exist and a balancing test was found necessary. Their other cases raise void-for-vagueness and overbreadth issues, which while constitutionally important, do not implicate the Fourth Amendment. Accordingly, Plaintiffs' legal argument bears limited relevance to Defendants' motion and is insufficient to defeat it.

---

[10] See "Judgment Info" and "Final Disposition" columns of Exhibits G and O of Plaintiffs' Response to Defendants' Second Motion for Summary Judgment admitted into the record.

[11] See *Johnson v. City of Dallas*, 860 F.Supp 344 (N.D.Tex.1994).

This Court has already addressed Plaintiffs' objections to the substance of the Ordinances.[12] Unfortunately, Plaintiffs' further claims of unreasonable search and seizure are unavailing. This Court construes Plaintiffs' central Fourth Amendment argument to be that officers have vast discretion to enforce the Ordinances. This may be true; nonetheless, no competent summary judgment evidence contests that probable cause justified these arrests. That is the only relevant inquiry now, and this Court concludes that Defendants are entitled to summary judgment on these claims.

Additionally, Defendants argue that the Texas Constitution, Article 1, §9 closely parallels the Fourth Amendment of the U.S. Constitution on issues of unlawful search and seizure. They contend that Texas courts likewise apply an objective test when determining whether an arrest is reasonable.[13] Plaintiffs leave Defendants' legal and factual arguments untouched. Notwithstanding this omission, the same lack of competent summary judgment evidence showing that arrests were made without probable cause precludes finding, on these grounds, that the Plaintiffs' arrests were the result of unreasonable actions by the Dallas Police. Summary judgment on this claim is also granted.

## III. CONCLUSION

The law governing this motion for summary judgment is clear and unambiguous. The existence of probable cause generally establishes the reasonableness of an arrest, rendering the subjective intentions of the arresting officer irrelevant. As there is no factual dispute over the existence of probable cause, this Court discerns no basis for finding that arrests in violation of either the Fourth Amendment or Article 1, §§9 and 19 of the Texas Constitution have taken place. With

---

[12] *Id.*

[13] Incidentally, Defendants argue that §19 of the Texas Constitution, having to do with the due course of law, has not been shown to apply in the context of searches and seizures. Plaintiffs do not reply to this contention.

respect to these issues, the only ones remaining after the prior grant of partial summary judgment, this Court finds that Defendants' motion should be **GRANTED**. Plaintiffs' claim is dismissed, and each party shall bear its own costs.

SO ORDERED this 24th day of April, 2001.

*Joe Kendall*
JOE KENDALL
UNITED STATES DISTRICT JUDGE